IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | |
|---|---|
| DIANA CALOCA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | |
| COOK COUNTY and THOMAS DART, ) | |
| In his official and individual capacity as ) | |
| Sheriff of Cook County, ) | JURY DEMAND |
| Defendants. ) | |

## COMPLAINT

Plaintiff DIANA CALOCA, by and through her attorneys, MELINDA POWER of WEST TOWN LAW OFFICE and DONNA MAKOWSKI brings this Complaint against Defendants COOK COUNTY and THOMAS DART and alleges as follows:

### INTRODUCTION

On November 7, 2016, Diana Caloca was employed by Cook County and working as an official court interpreter at a misdemeanor criminal court in Cook County. As part of her duties, she went to the lock up area of a branch court to translate for an inmate and a public defender. As she translated, she suffered a horrible experience. A prisoner held in the Cook County Department of Corrections pulled out his penis and masturbated in her presence and then ejaculated on her. Plaintiff gasped in horror, ran away and burst into tears of humiliation and disgust. She wrote a letter to the Cook County Sheriff's Office documenting the event. The Sheriff's Office of Cook County responded to Plaintiff, acknowledging the incident, but did not ever contact her again to check on her well-being or to inform her of the results of her complaint or to make any changes as a

1

result of her complaint. She is still deeply traumatized to this day as a result of this incident.

Defendants have been aware that male inmates engage in this sexist, offensive, humiliating and threatening behavior for more than two years, yet have failed to take action to stop this gender based violence against women public defenders, female sheriffs and, in this case, Plaintiff.

Defendants have created for Plaintiff a hostile and scary work environment which is gender and sexually based in violation of the Equal Protection Clause of the United States Constitution, 42 U.S.C. §§1983, 1985(3) and 1986, the Illinois Gender Violence Act, (IGVA) 740 ILCS 82/1et seq and the Illinois Civil Rights Act, 740 ILCS 23/5.

**THE PARTIES**

1. Plaintiff Diana Caloca is and was at all relevant times an official court interpreter employed by the County of Cook and a resident of Chicago, Illinois.

2. Defendant Cook County is a municipality organized under the laws of the State of Illinois, specifically 55 ILCS 5/1-1000 et seq and is a necessary party to this complaint in order to indemnify Defendant Dart.

3. Defendant Thomas Dart is the Sheriff of Cook County, whose office, the Cook County Sheriff's Office, is organized under the laws of Illinois, specifically 55 ILCS 5/3-6001 et seq. As Sheriff, Thomas Dart has authority and responsibility over the custody and care of the jails and courthouses, including the lock up area at the courthouses, in Cook County pursuant to 55 ILCS 5/3-6017. Defendant Dart and his deputy sheriffs assigned to the Courtroom Services Division are responsible for all aspects of court security, including "inmate control".

4. At all relevant times to this Complaint, Defendant Dart's actions as described below were made under color of state law and were related to the performances of the duties of his office. He is being sued in his official and individual capacity.

5. Defendant Dart is a policy maker for the Sheriff's Office and has final policy making authority for the Sheriff's office with regard to his acts and conduct as alleged by Plaintiff in this complaint.

## JURISDICTION and VENUE

6. This Court has subject matter jurisdiction over Plaintiff's federal claims pursuant to 28 U.S.C. §§ 1331 and 1343(a). This Court has personal jurisdiction over Defendants as they are residents of or incorporated in Illinois and all actions complained of in this Complaint occurred in Illinois.

7. Venue is proper in this District because all the conduct complained of in this Complaint occurred in this District.[1]

## STATEMENT OF FACTS

8. On November 7, 2016, Cook County employed Plaintiff Diana Caloca as an official court interpreter.

9. On November 7, 2016, Plaintiff was working at the misdemeanor court located at 555 W. Harrison, in Chicago, Cook County, Illinois.

10. An assistant public defender asked Plaintiff to accompany him to lockup[2] so that she could translate for him and a Spanish speaking inmate.

---

[1] *Brown et al v. Cook County et al.* 17 CV 8085 and *Howard v. Cook County*, 17 CV 8146 are related cases pursuant to Local Rule 40.4 since they have similar issues of fact and law, they concern the Defendants' legal duty to ensure that male detainees in lock up do not engage in sexually intimidating and violent behavior and seek to end such behavior.
[2] A lock up is an area generally located behind a courtroom where inmates who are pre-trial detainees are

11. Plaintiff went to the lockup and, as she was translating, she looked at the inmate and realized that he was masturbating. The inmate then proceeded to ejaculate on her.

12. Plaintiff gasped and ran out of the lockup area.

13. Plaintiff ran to the bathroom where she burst into tears and washed herself.

14. Plaintiff was shocked, humiliated, disgusted and traumatized by the inmate's actions.

15. On November 8, 2016, Plaintiff wrote and delivered a letter to the Cook County Sheriff's Office describing and documenting what happened to her.

16. On December 21, 2016, Plaintiff received a letter from the Cook County Sheriff's Office acknowledging her letter and accompanying that letter was a one page Cook County Sheriff's Office Incident Report regarding the incident dated November 7, 2016.

17. Defendants have not contacted Plaintiff since that date.

18. Plaintiff is aware of the fact that female public defenders, sheriffs and employees of the probation department are daily subjected to this same behavior by inmates.

19. Plaintiff is aware of the fact that the Cook County Sheriff's Department knows that male inmates have been masturbating in front of females who are in lockup for over two years.

20. Based on information and belief, it is Plaintiff's understanding that Cook County Sheriffs, particularly at 555 W. Harrison, have a book which contains or

---

temporarily held prior to and after appearing in court.

4

contained the names of detainees who have masturbated in front of female employees on other occasions.

21. It is well known and documented by the Defendants that inmates and detainees at the Cook County Jail have masturbated while at Cook County Jail and in holding cells and lockup while waiting for court. [3]

22. Despite being fully cognizant of the inmates' actions, Defendants have knowingly failed to take appropriate or effective action to change the inmate's offensive and threatening behavior. In fact, Defendants failure to act has encouraged the inmates to increase their repulsive behavior.

23. A few examples of the Defendants' behavior which demonstrates their knowledge of and failure to act to stop the masturbation by inmates includes:

a. In October 2015, Defendant Dart discussed on several occasions incidents of detainees exposing and masturbating in front of females;

b. In early 2017, Cook County Sheriffs handcuffed male detainees while they were in the courthouse lockups for approximately two weeks. This practice, though problematic for other reasons, did decrease the number of episodes of inmate masturbation and exposure in lockup.

c. In early 2017, Defendant Dart issued special jumpsuits, making it very difficult for male inmates to be physically able to masturbate.

d. In May 2017, Defendant Dart temporarily added extra sheriff's officers to lockup. This practice reduced the number of incidents of masturbation, but shortly thereafter, Defendant Dart stopped the addition of sheriff's officers to lockup.

---

[3] See *Brown et al. v. Cook County et al,* 17-cv-8085, paragraph 47.

e. For a short period, Defendant Dart rewarded serial masturbators with pizza if they refrained from masturbating in the presence of women. This program was stopped when inmates increased their public masturbation in order to get into the program and get pizza.

24. On October 28, 2017, the *Chicago Sun Times* published an article, which stated "Masturbating detainees have become a common sight on the walk to and from holding cells where defense attorneys meet clients, and at the jail and in courthouse lockups."

25. Defendants have demonstrated both by their actions and inactions, policies, practice and admissions that they are unwilling to protect Plaintiff and/or to ensure that her workplace is not discriminatory and dangerous to her in particular and to women in general.

26. Plaintiff has been unable to fully function as a court interpreter in certain courtrooms as a result of Defendants' actions. In fact, since the date of this incident, Plaintiff has not interpreted in any criminal court in Cook County.

.

## COUNT I
### (42 U.S. C. §§1983 – Equal Protection / Sexual Harassment – All Defendants)

27. Plaintiff realleges and incorporates herein by reference the foregoing paragraphs as if set forth in full herein.

28. Defendants have and have had for over two years knowledge of the conduct of which Plaintiff complains and have intentionally refused and knowingly failed and declined to take action to terminate or correct this conduct, despite having the power and authority to do so.

6

29. Defendants' actions as alleged above were done pursuant to one or more interrelated policies, *de facto* policies, patterns, practices and/or customs of official conduct of acceptance and/or deliberate indifferences to shocking sexual harassment and assault of female Cook County employees, including Plaintiff.

30. These interrelated and/or *de facto* policies, patterns of behavior, practices and/or customs as detailed above were maintained and implemented with deliberate indifference and by permitting, if not encouraging, Plaintiff and other female Cook County employees similarly situated to suffer incidents during their employment of assault, masturbation and/or indecent exposure by detainees. Defendants have knowingly failed to take appropriate corrective action to prevent such incidents or to protect Plaintiff and other female Cook County employees from this hostile environment, despite having ample notice of the practice for two if not more years. Defendants' actions and inactions are and were the direct and proximate cause of the constitutional violations and injuries suffered by Plaintiff.

31. Defendants' actions violate the equal protection rights of Plaintiff, including the right to be free from sexual harassment under the Fourteenth Amendment of the U. S. Constitution and 42 U.S. C. §§ 1983.

32. Defendants' actions have caused Plaintiff to suffer damages, including, but not limited to severe emotional distress, and other compensatory and serious damages.

33. Defendants' actions were intentional, willful, and malicious and in reckless disregard for Plaintiff's rights under 42 U.S.C. §§1983.

WHEREFORE, Plaintiff requests that judgment be entered in her favor and against Defendants, awarding compensatory and punitive damages, reasonable attorney fees and costs, and such further relief as this Court deems just. Additionally, Plaintiff requests that this Court enter an order requiring Defendants to take immediate and effective action to enjoin the public masturbation by inmates at Cook County Jail and to stop the harassment of Plaintiff and other female Cook County employees by detainees.

## COUNT II
### (Illinois Gender Violence Act Against Defendant Dart (IGVA))

34. Plaintiff re-alleges and incorporates by reference the allegations in the above paragraphs as if set forth in full herein.

35. The IGVA provides a clause of action for any person who has been subjected to gender-related violence. 740 ILCS 82/10. "Perpetrated" is defined by the IGVA as pertaining to anyone who personally committed gender-related violence or who personally encouraged or assisted the act or acts of gender-related violence.

36. Plaintiff has suffered, as a result of the Defendant's actions or inactions, gender-related violence as defined by the IGVA. Specifically, due to Defendant Dart's failure to act, Defendant Dart has assisted the inmate who masturbated at and ejaculated on Plaintiff.

37. Plaintiff has been damaged as a result of the Defendant's actions or inactions.

WHEREFORE, Plaintiff demands judgment against Defendant Dart for compensatory damages, punitive damages, costs, and such other and additional relief that

this Court deems equitable and just.

## COUNT III
### (Illinois Civil Rights Act, 740 ILCS 23/5)

37. Plaintiff realleges and incorporates by reference all of the foregoing as if set forth in full herein.

38. At all relevant times, Defendant Dart has known that civilian personnel, such as court interpreters who go into lock up to translate for attorneys or other court officials and detainees were subject to actions similar to the actions alleged above.

39. Despite having this knowledge, Defendant Dart intentionally failed to act to stop the harassment that Plaintiff experienced.

40. As a direct and proximate result of Defendant Dart's inaction and failure to take sufficient action to protect the Plaintiff from the actions of the detainee as alleged above, Plaintiff has been and continues to be injured and damaged.

WHEREFORE, Plaintiff demands judgment against Defendant Dart for compensatory damages, punitive damages, costs, and such other and additional relief that this Court deems equitable and just.

## COUNT IV
### (Indemnification – County of Cook)

41. Plaintiff realleges and incorporates herein by reference the foregoing paragraphs as if set forth in full herein.

42. Illinois law, 735 ILCS 10/9-102, provides that public entities are directed to pay any tort judgment for compensatory damages for which employees are liable within the scope of their employment activities. Defendant Dart was at all relevant times an employee of Defendant County of Cook and was acting within the scope of his employment in committing the misconduct described herein.

43. Defendant Cook County has a duty to indemnify Defendant Dart against all damages, including attorney fees recovered by Plaintiff in this case.

WHEREFORE, Plaintiff requests that judgment be entered in her favor and against Defendant County of Cook for the amounts of any compensatory damages, attorneys and fees and costs awarded against Defendant Dart.

JURY DEMAND

Plaintiff demands trial by jury on all Counts that may be tried to a jury.

Respectfully submitted,

/s/ Melinda Power
West Town Law Office
2502 West Division Street
Chicago, IL  60622
773-278-6706

/s/ Donna Makowski
53 W. Jackson #930
Suite 2125
Chicago, IL  60604
312-920-0990